**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| THE CLASS PRODUCE GROUP, LLC | * | |
| | * | |
| Plaintiff, | | |
| | * | |
| v. | | Case No. WDQ-12-2191 |
| | * | |
| EVERGREEN SUPERMARKET, INC., et al. | | |
| | * | |
| Defendants. | | |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**REPORT AND RECOMMENDATION**

The above-referenced case was referred to the undersigned for review of plaintiff's

motion for default judgment and to make recommendations concerning damages, pursuant to 28

U.S.C. § 301 and Local Rule 301.6.  (ECF No. 14.)  Currently pending is plaintiff's Motion for

Entry of Default Judgment ("Motion") (ECF No. 13.)  No hearing is deemed necessary.  See Fed.

R. Civ. P. 55(b)(2); Loc. R. 105.6.  For the reasons discussed herein, I respectfully recommend

that plaintiff's Motion (ECF No. 13) be GRANTED and that relief be awarded as set forth

herein.

I.    **BACKGROUND**

On July 24, 2012, plaintiff The Class Produce Group, LLC ("plaintiff"), filed a

Complaint against defendants Evergreen Supermarket, Inc., Brian Cho, and Jian "Thomas" Qi,

pursuant to the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(2) ("PACA").

(ECF No. 1.)  Plaintiff, a Maryland limited liability company, is a "dealer" in interstate

commerce of perishable agricultural commodities, or produce, within the meaning of PACA, 7

U.S.C. § 499a(b)(6).  (ECF No. 1 ¶ 3.)  Defendant Evergreen, a Maryland close corporation, is also a produce dealer subject to PACA.  (Id. ¶ 4a, ECF No. 13-4 at 3.)  Defendant Cho is the owner of Evergreen and defendant Qi is Evergreen's sole director.  (Id. ¶¶ 4b-c; ECF No. 13-4 at 3-4.)

Under PACA, a purchaser of perishable agricultural commodities holds the produce, or the proceeds therefrom, in trust for the benefit of any unpaid seller.  7 U.S.C. § 499e(c)(2).  PACA also requires purchasers of produce to make full payment promptly.  7 U.S.C. § 499b(4).  The seller is required to give notice to the buyer of seller's intent to seek recovery of unpaid trust assets.  7 U.S.C. § 499e(c)(3)-(4).  Plaintiff alleges that, "[b]etween April 17, 2012 and April 26, 2012," it "sold and delivered to Evergreen, in interstate commerce, wholesale quantities of produce items in the amount of $10,805.00, which remains unpaid."  (ECF No. 1 ¶ 6.)

Defendants were served with Summonses and copies of plaintiff's Complaint on August 1 (Qi), August 13 (Cho), and August 23 (Evergreen) of 2012.  (ECF Nos. 4, 5, and 7.)  After defendants failed to file an Answer or otherwise defend, plaintiff filed Requests for Entry of Default.  (ECF Nos. 6, 8, and 11.)  The clerk of this court entered defaults as to defendants Cho and Qi on September 13, 2012, and as to defendant Evergreen on September 28, 2012.  (ECF Nos. 10, 12.)  Plaintiff filed its Motion for Entry of Default Judgment on October 23, 2012.  (ECF No. 13.)  Defendants have not responded to plaintiff's Motion.  Plaintiff seeks damages against defendants in the amount of $15,759.95, which includes: (1) contract damages of $10,805.00; (2) interest in the amount of $913.76; and (3) attorneys' fees and costs of $4,041.19.  (ECF No. 13; ECF No. 13-1 at 2.)

In support thereof, plaintiff submits the affidavits of David King, plaintiff's Controller, and Blake A. Surbey, an attorney with the law firm retained by plaintiff.  (ECF Nos. 13-2, 13-6.)

On October 23, 2012, Judge Quarles referred plaintiff's Motion to the undersigned to review and make recommendations concerning damages.  (ECF No. 14.)

## II.        STANDARD FOR ENTRY OF DEFAULT JUDGMENT

In reviewing a motion for default judgment, the court accepts as true the well-pleaded factual allegations in the complaint as to liability.  Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780-81 (4th Cir. 2001).  It remains for the court, however, to determine whether these unchallenged factual allegations constitute a legitimate cause of action.  Id.; see also 10A Wright, Miller & Kane, Federal Practice and Procedure § 2688 (3rd ed. Supp. 2010) ("[L]iability is not deemed established simply because of the default . . . and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability.").

If the court determines that liability is established, the court must then determine the appropriate amount of damages.  Ryan, 253 F.3d at 780-81.  The court does not accept factual allegations regarding damages as true, but rather must make an independent determination regarding such allegations.  See, e.g., Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 154 (2d Cir. 1999).  In so doing, the court may conduct an evidentiary hearing.  Fed. R. Civ. P. 55(b)(2).  The court may also make a determination of damages without a hearing, so long as there is an adequate evidentiary basis in the record for the award.  See, e.g., Stephenson v. El-Batrawi, 524 F.3d 907, 917 n.11 (8th Cir. 2008) ("Foregoing an evidentiary hearing may constitute an abuse of discretion when the existing record is insufficient to make the necessary findings in support of a default judgment."); Adkins v. Teseo, 180 F. Supp. 2d 15, 17 (D.D.C. 2001) (court need not make determination of damages following entry of default through hearing, but rather may rely on detailed affidavits or documentary evidence to determine the appropriate sum).

In sum, the court must (1) determine whether the unchallenged facts in plaintiff's Complaint constitute a legitimate cause of action, and, if they do, (2) make an independent determination regarding the appropriate amount of damages.

### III.     DISCUSSION

#### A.  Defendants' Liability

As discussed above, both plaintiff and defendant Evergreen are dealers subject to PACA. Taking plaintiff's factual allegations as true, defendant Evergreen failed to pay the invoices for produce delivered by plaintiff between April 17, 2012 and April 26, 2012.  (ECF No. 1 ¶ 6.)  The invoices provided by plaintiff show that plaintiff gave Evergreen the written notice required to seek compensation from the trust under 7 U.S.C. § 499e(c)(3)-(4).  (ECF No. 13-5 at 14.) Therefore, plaintiff was entitled to Evergreen's prompt payment of the trust assets pursuant to 7 U.S.C. §§ 499b(4) and 499e(c).

Plaintiff also seeks judgment against Evergreen's owner and director in their individual capacities.  Under PACA, "[a]n individual who is in a position to control the trust assets and who does not preserve them for the use of the beneficiaries has breached a fiduciary duty, and is personally liable for that tortious act."  N.P. Deoudes, Inc. v. Snyder (In re Snyder), 184 B.R. 473 (D. Md. 1995); see also Sunkist Growers, Inc. v. Fisher, 104 F.3d 280, 283 (9th Cir. 1997) ("We agree that individual shareholders, officers, or directors of a corporation who are in a position to control PACA trust assets, and who breach their fiduciary duty to preserve those assets, may be held personally liable under the Act.").  On the well-pleaded facts alleged here, defendants Cho and Qi were in positions of control over PACA trust assets.  Defendant Cho is listed as the sole owner of Evergreen on Evergreen's credit application form submitted to plaintiff.  (ECF No. 13-4 at 4.)  Defendant Qi is listed as the sole director in Evergreen's Articles

of Incorporation.[1]  (ECF No. 13-4 at 3.)  Plaintiff states that defendants Cho and Qi controlled

the day-to-day operations of Evergreen such that they were in positions of control under PACA.

(ECF Nos. 1 ¶ 4b-c, 13-1 at 6.)  Although plaintiff has not cited any specific acts taken by Cho or

Qi on behalf of Evergreen, their listing on corporate documents as the sole owner and sole

director, respectively, and the fact that Evergreen is a closely-held corporation, give rise to the

conclusion that both Cho and Qi were in positions of control over the trust assets.  Sunkist

Growers, 104 F.3d at 283 ("A court considering the liability of the individual may look at the

closely-held nature of the corporation, the individual's active management role and any evidence

of the individual's acting for the corporation."); cf. Norinsberg v. U.S. Dep't of Agr., 162 F.3d

1194, 1197 (D.C. Cir. 1998) (holding that, in the PACA licensing context, § 499a(b)(9) creates a

presumption that directors and officers are "responsibly connected" to a corporation, placing the

burden on the individual to demonstrate that he was only a nominal director or officer, or to

show that the corporation was merely an alter ego for another owner).

    According to the well-pleaded factual allegations set forth in plaintiff's Complaint,

defendants Cho and Qi had fiduciary duties to preserve the trust so that plaintiff could receive

prompt payment, and defendants breached their fiduciary duties by failing to do so.  Senn Bros.,

Inc. v. Foothills Meat & Produce, Inc., No. 5:07CV88, 2008 WL 2559418, at *2, 4 (W.D.N.C.

June 23, 2008) (holding corporate officers and directors jointly and severally liable, along with

the corporation itself, for unpaid invoices under PACA).  Accepting these well-pleaded

allegations as true, the undersigned concludes that plaintiff is entitled to the relief sought against

defendants Cho and Qi, who are jointly and severally liable to plaintiff, pursuant to PACA.

---

[1] Defendant Qi is also listed as a credit reference on Evergreen's credit application to plaintiff.
(ECF No. 13-4 at 5.)

### B. Damages

Having determined that plaintiff has proven liability, the undersigned now undertakes an independent determination of the damages to which plaintiff is entitled.  Pursuant to PACA and relevant case law, plaintiff seeks to recover a total sum of the $15,759.95 from defendants. (ECF No. 13.)

#### 1. Unpaid Invoices

Plaintiff seeks to recover for unpaid merchandise totaling $10,805.00.  (ECF No. 13-1. ¶ 8.)  Plaintiff presents the affidavit of David King, plaintiff's Controller (ECF No. 13-2), as well as the invoices for the produce that plaintiff sold and delivered to Evergreen.  (ECF No. 13-5.)  I have reviewed the affidavit and invoices submitted and find that plaintiff has presented sufficient evidence to establish the amount for unpaid merchandise that it is entitled to collect.  Accordingly, I recommend granting plaintiff's request to recover damages for unpaid merchandise in the amount of $10,805.00.

#### 2. Interest

Plaintiff also seeks to recover interest on the outstanding invoice balance in the amount of $913.76, calculated through October 22, 2012.  (ECF Nos. 13-1, 13-6.)  PACA does not provide for interest awards, but courts allow the award of interest pursuant to contractual provisions. Senn Bros., 2008 WL 2559418 at *3.  Here, the invoices plaintiff sent to Evergreen contained the following provision:

> Interest shall accrue from the date of delivery on any unpaid balance at the rate of one & one-half (1 1/2) percent per month.  Interest, attorney fees and costs necessary to collect any balance due hereunder shall be considered sums owing in connection with the transaction under the PACA trust.

(ECF No. 13-5 at 14.)

Accordingly, the contract between the parties provides for recovery of interest, and

plaintiff has provided sufficient calculations of the interest accrued through October 22, 2012. (ECF No. 13-8.)  Therefore, the undersigned concludes that plaintiff has presented sufficient evidence to establish interest due in the amount of $913.76.

### C.  Attorneys' Fees and Costs

In addition to damages, plaintiff seeks attorneys' fees and costs.  Although PACA does not create a statutory right to attorneys' fees, courts have interpreted PACA to permit an award of attorneys' fees under the terms of a contract between the parties.  Senn Bros., 2008 WL 2559418 at *3.  Here, the parties' contract provided for an award of attorneys' fees and costs. (ECF No. 13-5 at 14.)  In order to properly determine an award of reasonable attorneys' fees, the court must calculate the "lodestar amount" by multiplying the number of hours reasonably expended times a reasonable hourly rate.  Blum v. Stenson, 465 U.S. 886, 888 (1984); Grissom v. Mills Corp., 549 F.3d 313, 320-21 (4th Cir. 2008).  The plaintiff must demonstrate that "the number of hours for which [it] seeks reimbursement is reasonable and does not include hours that are excessive, redundant, or otherwise unnecessary."  Victor Stanley, Inc. v. Creative Pipe, Inc., No. MJG-06-2662, 2011 WL 2552472, at *3 (D. Md. Jan. 24, 2011) (internal quotation marks omitted).

Plaintiff requests attorneys' fees and costs totaling $4,041.19.  (ECF No. 13-7.)  In support of its request for attorneys' fees and costs, plaintiff submits the affidavit of Blake A. Surbey, an attorney with the law firm retained by plaintiff in the instant action.  (ECF No. 13-6.) Mr. Surbey, an associate who has one year of experience, states that the proposed lodestar calculation represents work performed by him in this case at an hourly rate of $250.00.  (Id.)  Mr. Surbey further states that partner Louis W. Diess, III, who has twenty years of experience, performed work on this case at an hourly rate of $375.00.  (Id.)

To support plaintiff's request, plaintiff submits a Client Billing History (the "Billing History"). (ECF No. 13-7.) The Billing History indicates that plaintiff was billed for $2,837.50 in attorneys' fees and $1,203.69 in costs of suit, and details the time spent by Mr. Surbey (initials BAS, timekeeper No. 6), and by Mr. Diess (initials LWD, timekeeper No. 2). Based upon my review of the Billing History, I find that the number of hours for which plaintiff seeks reimbursement for Messrs. Surbey and Diess is reasonable.[2]

With respect to hourly rates, plaintiff states that Mr. Diess' services have been billed at a rate of $375.00 per hour. Under this court's Guidelines Regarding Hourly Rates, the range for an attorney admitted to the bar for fifteen years or more is an hourly rate of $275.00 to $400.00. Loc. R. App. B.3. According to Mr. Surbey's affidavit, Mr. Diess has practiced for well beyond fifteen years in a specialized area of the law, making it reasonable for him to charge an hourly rate near the top of the Guideline range. The only time charged by Mr. Diess is: .45 hours for "Review of Evergreen Supermarket documents and discuss strategy with BAS," for a charge to plaintiff of $168.75. (ECF No. 13-7.) I recommend granting plaintiff's request for fees for work expended by Mr. Diess in the amount of $168.75.

As for the services of Mr. Surbey, the Guidelines set the range for hourly rates for lawyers admitted to the bar for less than five years at $150.00 to $190.00. Loc. R. App. B.3. Given Mr. Surbey's one year of experience, his hourly rate would be near the bottom of that range, at $160.00 per hour, rather than the $250.00 per hour which plaintiff seeks. There does not appear to be any reason to vary from this court's Guidelines. As noted above, the time devoted by Mr. Surbey, 10.35 hours, is reasonable. Applying an hourly rate of $160.00, I

---

[2] The Billing History indicates that timekeeper No. 4 billed .25 hours of work at $325.00 per hour ($81.25 charged to plaintiff) on August 29, 2012 to "Finalize and file request for entry of default." Because it is unclear who performed these services, I recommend that no fees be awarded for this billing entry.

recommend awarding plaintiff attorneys' fees for Mr. Surbey in the amount of $1,656.00.  In

total, I recommend that plaintiff be awarded attorneys' fees for the services of Mr. Diess and Mr.

Surbey in the amount of $1,824.75.

Finally, plaintiff incurred costs and expenses in filing this action and serving multiple

defendants in multiple states.  I have reviewed plaintiff's request for litigation costs in the

amount of $1,203.69 and find the request is reasonable and documented in the record (ECF Nos.

1, 4, 5, 7, 9, and 13-7), and recommend granting this request.

## IV.  CONCLUSION

In sum, I recommend that:

1.  The court grant plaintiff's Motion for Entry of Default Judgment (ECF No. 13); and

2.  The court enter judgment in favor of plaintiff in the amount of $14,747.20 consisting of an

    award for unpaid invoices in the amount of $10,805.00, interest in the amount of $913.76,

    attorneys' fees of $1,824.75, and $1,203.69 in costs of suit; and

I also direct the Clerk to mail a copy of this Report and Recommendation to defendants

Evergreen Supermarket, Inc., Brian Cho, and Jian "Thomas" Qi at the respective addresses listed

on plaintiff's Complaint.  (ECF No. 1.)

Any objections to this Report and Recommendation must be served and filed within

fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.

Date:      November 28, 2012                    /s/
                                        Beth P. Gesner
                                        United States Magistrate Judge